# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| v. | : | Mag. No. 18-4026 |
| WILLIAM VALENTIN | : | **CRIMINAL COMPLAINT** |

I, Eric W. Lynch, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Task Force Officer with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Eric W. Lynch, Task Force Officer
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

February 9, 2018                    at           Essex County, New Jersey
Date                                                County and State

Honorable Michael A. Hammer
United States Magistrate Judge                    _____
Name and Title of Judicial Officer                 Signature of Judicial Officer

## **ATTACHMENT A**

## **COUNT ONE**

(Conspiracy to Commit Hobbs Act Robbery)

On or about September 5, 2017, in Union County, in the District of New Jersey and elsewhere, the defendant,

## **WILLIAM VALENTIN**

and others known and unknown, did knowingly and willfully conspire to obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, and the movement of articles and commodities in such commerce by robbery, and did commit and threaten physical violence to the person and property of another, namely, an employee of a jewelry store located in Elizabeth, New Jersey, in furtherance thereof.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWO

(Hobbs Act Robbery)

On or about September 5, 2017, in Union County, in the District of New Jersey and elsewhere, the defendant,

**WILLIAM VALENTIN**

did knowingly and willfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, and the movement of articles and commodities in such commerce by robbery, and did commit and threaten physical violence to the person and property of another, namely, an employee of a jewelry store located in Elizabeth, New Jersey, in furtherance thereof.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT THREE

(Use of a Firearm During and in Relation to a Crime of Violence)

On or about September 5, 2017, in Union County, the District of New Jersey and elsewhere, the defendant,

## WILLIAM VALENTIN

during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, the robbery charged in Counts One and Two of this Criminal Complaint, did knowingly use and carry a firearm, which was brandished.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT FOUR

(Conspiracy to Use of a Firearm During and in Relation to a Crime of Violence)

On or about September 5, 2017, in Union County, the District of New Jersey and elsewhere, the defendant,

## WILLIAM VALENTIN

and others known and unknown, did knowingly and willfully conspire to use and carry a firearm, which was brandished, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, the robbery charged in Counts One and Two of this Criminal Complaint.

In violation of Title 18, United States Code, Sections 924(o).

## ATTACHMENT B

I, Eric W. Lynch, am a Task Force Officer with the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date or at a particular time, I am asserting that it took place on or about the date alleged or at or about the time alleged.

1. On or about September 5, 2017, at approximately 9:50 a.m., four masked individuals pushed open the metal gates to enter a jewelry exchange area of a mall located at 651 Kapkowski Road, Elizabeth, New Jersey (the "Jewelry Exchange"). Upon entering the jewelry exchange, the four individuals immediately approached one of the discrete jewelry counters that make up the Jewelry Exchange (the "Victim Jeweler"). One individual, whom law enforcement has identified as defendant William Valentin ("VALENTIN"), brandished a firearm at an employee of the Victim Jeweler ("Victim-1").

2. Victim-1 ran from behind the counter as two masked individuals ("Co-Conspirator 1" and "Co-Conspirator 2") jumped over the Victim Jeweler's counter and the remaining masked individual ("Co-Conspirator 3") ran behind the counter. While VALENTIN continued to point the gun at other Victim Jeweler employees with one hand, Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3 unloaded the contents of two safes into bags with VALENTIN's assistance. VALENTIN and Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3 (collectively, the "Robbers") left the Jewelry Exchange with the bags.

3. Video surveillance cameras in the area showed the Robbers enter the mall, approach the Jewelry Exchange, and run out of the Jewelry Exchange after the robbery. VALENTIN was wearing a dark hooded sweatshirt, dark pants, dark shoes, and a dark baseball hat with a light insignia on the side and what appears to be a Mets insignia on the front. VALENTIN also was carrying the firearm in his hand and a large bag on his opposite shoulder.

4. A witness ("Witness-1") observed the Robbers jumping into a dark four-door Audi. A second witness ("Witness-2") observed a black four-door Audi leaving the mall parking lot at a high rate of speed.

5. Subsequently, law enforcement learned that a black four-door Audi was at a tire repair shop (the "Tire Shop"), in Newark, New Jersey, on the morning of the Robbery. Video surveillance at the Tire Shop captured a black

Audi model A6 sedan (the "Audi") with tinted windows pull into the Tire Shop at approximately 9:16 a.m. VALENTIN exited the Audi from the front passenger seat. VALENTIN was wearing a dark hooded sweatshirt, a light undershirt, dark pants, dark shoes, and a dark Mets baseball hat with an insignia on the side—the same clothing he was wearing when captured on video surveillance at the Jewelry Exchange during the commission of the robbery. Another individual (Co-Conspirator 1), who was wearing unique clothing, exited the rear passenger-side door. Co-Conspirator 1 was wearing the same unique clothing during the robbery approximately 45 minutes later.

6. VALENTIN and the individual wearing the unique clothing removed the rear license plate frame from the Audi and threw the license plate frame into the street. VALENTIN and the individual wearing the unique clothing affixed a second license plate on top of the original license plate of the Audi. The license plate that VALENTIN affixed to the rear of the Audi was identified by law enforcement who reviewed the surveillance video from the Tire Shop.

7. Law enforcement agents reviewing the surveillance video from the Tire Shop saw the Audi, now bearing the second license plate, leave the Tire Shop at approximately 9:26 a.m.

8. License plate reader records confirmed that at approximately 9:47 a.m. on September 5, 2017, the four-door Audi bearing the second New Jersey license plate number was in vicinity of the Jewelry Exchange.

9. A witness who is familiar with VALENTIN and is a law enforcement officer ("Witness-3"), identified VALENTIN based on still photos of the Tire Shop surveillance video from September 5, 2017. Additionally, two additional witnesses familiar with VALENTIN ("Witness-4" and "Witness-5) have identified VALENTIN based on still photos from the Tire Shop surveillance video.

10. On or about January 3, 2018, the Holyoke, Massachusetts Police Department stopped a vehicle in which VALENTIN was traveling and lawfully arrested VALENTIN on an outstanding warrant issued by Elizabeth, New Jersey Police Department. Subsequent to his arrest, law enforcement recovered a backpack from the motor vehicle in which VALENTIN was traveling. The backpack contained jewelry stolen from the Victim Jeweler as well as fifteen thousand dollars in cash.

11. At all times material to this Complaint, both the Jewelry Exchange, which contained the counter for the Victim Jeweler, and the discrete Victim Jeweler itself, were commercial establishments engaged in selling goods that moved in, were transferred in, and affected interstate and foreign commerce.